**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| GEICO ADVANTAGE INSURANCE COMPANY, | ) CASE NO. 1:23-cv-1618 )  ) |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING )  ) **MEMORANDUM OPINION** |
| v. | ) **AND ORDER** ) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) |
| Defendants. | ) |

### I. Procedural History

On October 20, 2023, Defendant US Department of Veteran Affairs ("VA") filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. (ECF No. 5). Specifically, the VA asserts that it should be dismissed from this action because it is not a proper party. *Id*. Plaintiff did not oppose the motion or request an extension of time to do so. Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The time for filing opposition has long since passed.

Where Plaintiff has not raised arguments by virtue of its failure to oppose a motion to dismiss, those arguments are waived. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008). A district court's power to grant dispositive motions because they are unopposed is firmly settled. *See Caroline's Kids Pet Rescue v. Lake Human Society*, 2022 WL 80320 (N.D. Ohio Jan. 7, 2022) (citing to *Demsey v. R.J. Reynolds Tobacco Co*., 2005 WL 1917934, *2 (N.D. Ohio 2005); *Peacock v. Bayview Loan Serv*., 2005 WL 1277667 (N.D. Ohio

1

2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000))). However, the Court will briefly address the merits of the motion.

## II. Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the Plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in the Plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III. Analysis

Plaintiff filed suit against the United States and VA to recover damages from an insurance claim. (ECF No. 1, PageID #3). Plaintiff argues that Jae Russell, a VA employee, negligently struck Taryne McNeal ("Insured"). *Id*. at PageID #2. Plaintiff contends that Russell was operating a vehicle owned by the VA during the scope of his employment with the VA. *Id*. Plaintiff is attempting to recover $15,658.04, which includes the Insured's $500 deductible. *Id*. at PageID #3. The VA argues that they are not a proper party under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b); 2679. (ECF No. 5).

The doctrine of sovereign immunity bars claims against the United States absent its consent. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued."). The FTCA serves as the United States' consent to be sued for the negligent acts or omissions of its employees that occur when the employee is acting within the scope of their employment and "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, the FTCA only allows suits against the United States, shielding federal agencies and their employees from liability. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title"); *Laible v. Lanter*, 91 F.4th 438, 441 (6th Cir. 2024) ("The [Westfall Act] immunizes federal employees from individual common-law tort claims that arise while the employee was acting within the scope of their employment and substitutes the United States as the party defendant."); *Aviles-Diaz v. U.S.*, 194 F.Supp.2d 85 (D. Puerto Rico 2002) (holding that the Department of Justice, the Drug Enforcement Agency ("DEA"), and an employee of the DEA were not proper parties in a claim arising from the employee's negligent operation of a government vehicle while the employee was using said vehicle in the course of his employment).

The VA is organized under Title 38 of the U.S. Code and is a cabinet-level federal department. Executive departments are federal agencies according to the FTCA. *See* 28 U.S.C. § 2671. Consequently, the FTCA precludes claims against the VA in its own name.

Accordingly, the Court **GRANTS** Defendant's motion to dismiss (ECF No. 5) and **DISMISSES** the VA as a party to this case.

**IT IS SO ORDERED**.

Dated: March 13, 2024

_____
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**